STROUD, Judge.
Defendant Kevin Djuan White appeals from judgments entered upon his convictions for two counts of robbery with a dangerous weapon ("RWDW"). After careful consideration, we find no error.
On 26 November 2011, the T & W Oyster Bar in Carteret County, North Carolina was robbed at gunpoint by two men as the restaurant was closing for the night. One man was described as wearing a mask with "handmade" eyeholes cut in the fabric, gloves on his hands, and some type of fabric covering his neck. The men escaped in a truck, and an employee of the restaurant got in her car and followed behind them, attempting to get the license plate number. While the employee could not get close enough to see the number, she observed the men throw clothing out of the truck windows. She later aided law enforcement in recovering the clothing, which included a mask and gloves.
On 12 December 2011, the Super 7 Internet Cafe was robbed at gunpoint by a man wearing a blue mask with homemade eyeholes cut into it. A blue mask and some other clothing items were found alongside a road a short distance from the internet cafe. Those clothing items, along with the clothing discarded by the men involved in the first robbery, were sent to the North Carolina State Crime Laboratory for DNA testing. DNA samples taken from some of the clothing found outside both locations matched the DNA of defendant.
On 13 July 2015, a grand jury indicted defendant on two counts of RWDW. On 13 July 2016, defendant was found guilty on both counts. The trial court sentenced defendant to two terms of 97 to 126 months' imprisonment.[1] Defendant gave oral notice of appeal in open court.
Defendant's lone contention on appeal is that the trial court committed plain error by giving a single instruction on the offense of RWDW to cover both counts of RWDW for which defendant was charged. Defendant contends that providing one instruction instead of two had the effect of reducing the State's burden of proof and "increasing the chance of a less than unanimous verdict." We disagree.
When analyzing jury instructions, we must read the trial court's charge as a whole. We construe the jury charge contextually and will not hold a portion of the charge prejudicial if the charge as a whole is correct. If the charge presents the law fairly and clearly to the jury, the fact that some expressions, standing alone, might be considered erroneous will afford no ground for reversal. Furthermore, to constitute plain error, the challenged instruction must result in a fundamental miscarriage of justice or the probability of a different verdict than the jury would otherwise have reached.
State v. Fowler, 353 N.C. 599, 624, 548 S.E.2d 684, 701-02 (2001) (internal quotation marks and citations omitted).
While not stated explicitly in his brief, defendant appears to argue that, because the trial court at various times during the instruction talked about the charges against defendant as "the crime charged" or "this offense," the jury may have believed that it was to convict defendant on both charges if it found he was guilty of either of them. Between his failure to clearly articulate this argument and the lack of an argument regarding whether "the challenged instruction ... result[ed] in a miscarriage of justice or the probability of a different verdict than the jury would otherwise have reached [,]" id. at 624, 548 S.E.2d at 702, defendant has likely abandoned his lone issue on appeal, see N.C.R. App. P. 28(b)(6) ("Issues ... in support of which no reason or argument is stated, will be taken as abandoned."). In any event, we cannot find that any error in the trial court's instructions prejudiced defendant.
Prior to instructing the jury on the elements of RWDW, the trial court clarified that "[t]he defendant has been charged with two counts of Robbery with a Dangerous Weapon, or Robbery with a Firearm, the first being the T&W Oyster Bar on November 26th, 2011; the second count, the Super 7 Internet Cafe on December the 12th, 2011." After stating the elements of RWDW, the court specified that "[a]ll twelve of you must agree to your verdict; you cannot reach a verdict by majority vote. When you've agreed upon a unanimous verdict as to each charge, your Foreperson should so indicate on the verdict form." (Emphasis added). The trial court provided two separate verdict forms, one that specified that the jury was to find whether defendant was guilty of RWDW "from the T&W Oyster Bar," and the other "from the Super Seven Internet Cafe."
Read as a whole, the jury instructions accurately and clearly presented the law and would have imparted to the jury that it could find defendant guilty of both charges, not guilty of both charges, or guilty of one but not the other. Defendant has failed to demonstrate that any error upon the part of the trial court had a probable impact on the jury's determination of guilt. Defendant received a fair trial, free of prejudicial error.
NO ERROR.
Report per Rule 30(e).
Chief Judge McGEE and Judge DILLON concur.

The trial court originally sentenced defendant to maximum terms of 129 months' imprisonment, but reduced the maximum to 126 months after a sentencing error was discovered.